# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARRION DOTSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-197 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant Marrion Dotson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is a second or successive motion within the meaning of 28 U.S.C. §§ 2244 and 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As a result, the motion will be dismissed.

On March 9, 2011, movant plead guilty to kidnapping and possession of a firearm in furtherance of a crime of violence. *United States v. Dotson*, 4:11CR11 SNLJ (E.D. Mo.). On September 21, 2011, the Court sentenced movant to an aggregate term of 252 months' imprisonment. Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals, but it was affirmed. No. 11-3325. On June 19, 2013, movant filed his first motion to vacate pursuant to § 2255, arguing three grounds of ineffective assistance of counsel. *Dotson v. United States*, 4:13CV1176 SNLJ (E.D. Mo.). The Court denied the motion on the merits on November 1, 2013. ECF No. 6. Movant then filed two motions based on Rule 59(e), which were both denied. The Court specifically held that movant's second Rule 59(e) claim was

essentially a successive § 2255 motion and thus an impermissible attempt to evade the certification process provided for in § 2244. ECF No. 29.

Movant filed the instant motion on February 6, 2019. He alleges that his sentence is unconstitutional after the Supreme Court's June 2015 decision of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Although movant was not sentenced under the ACCA provisions at issue in *Johnson*, movant asserts that the Johnson analysis and holding should be extended to his "crime of violence" conviction under 18 U.S.C. § 924(c). Movant relies on the Supreme Court's *Sessions v. Dimaya* decision, where the Court applied *Johnson* to find a similarly-worded criminal law, 18 U.S.C. § 16(b), unconstitutionally vague. 138 S.Ct. 1204 (2018).

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Movant submitted his successive § 2255 motion without the required certification. The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises*, Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

Because movant has not received permission from the Court of Appeals to file this action, this Court lacks jurisdiction to entertain the motion. Therefore, the motion is denied, and this action is dismissed without prejudice. Movant will not be prejudiced by the dismissal of this action. The Court will hear his successive petition if and only if the Court of Appeals authorizes its filing.

Finally, movant has not met the burden for issuing a certificate of appealability under 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Marrion Dotson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 13th day of February, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE